**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA JARAMILLO HUICOCHEA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | Nos. 18-71361 & 19-71442<br><br>Agency No. A202-097-786<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2020[**]
San Francisco, California

Before: WARDLAW and COLLINS, Circuit Judges, and EATON,[***] Judge.

Rosa Jaramillo Huicochea ("Jaramillo"), a citizen and native of Mexico,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

affirming the order of the Immigration Judge ("IJ") denying her applications for

asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

Torture ("Torture Convention"). We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1252. While we review legal questions de novo, findings of fact are reviewed for substantial evidence, *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir. 2009), meaning that those findings must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Substantial evidence supports the agency's conclusion that Jaramillo failed to show past persecution or a well-founded fear of persecution on account of an enumerated ground. On the record in this case, the BIA properly upheld the IJ's finding that the harms visited on Jaramillo, her husband, and her husband's nephews were attributable to general organized-crime activity and violent conditions, rather than to their membership in a particular family. Jaramillo stated that "members of an organized crime" group killed two of her husband's nephews because they refused to join the group. She further testified at the hearing that she came to the United States "[b]ecause there's a lot crime in my state of Guerrero," and she acknowledged that the gangs "target everybody that they think they can get money from." Likewise, her husband testified he was afraid to go back to Mexico "[b]ecause of the crime that exist[s] in Mexico" and a fear of the "bad people" in Mexico. We have held that the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a

2

protected ground," *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010), and the BIA properly upheld the IJ's finding that this was such a case. Accordingly, substantial evidence supports the agency's denial of Jaramillo's claims for asylum and withholding of removal.

2. Substantial evidence also supports the agency's denial of withholding or deferral of removal under the Torture Convention. To qualify for such relief, "an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). In contending that she is likely to be tortured, Jaramillo relies on country-conditions reports, as well as on the threats and extortion against her and her husband and on the violence against her husband's nephews. On this record, we cannot say that the BIA erred in upholding the IJ's finding that Jaramillo failed to show that it was more probable than not that she, in particular, would be tortured with the acquiescence of the Mexican government. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("generalized evidence of violence and crime in Mexico is not particular to [the petitioner] and is insufficient to meet this standard" for relief under the Torture Convention).

3. Jaramillo also challenges the BIA's denial of her motion to reopen her proceedings on the ground that the IJ lacked "jurisdiction to commence and

conduct removal proceedings in [her] case because the Notice to Appear charging document filed with the Immigration Court was defective in that it failed to specify a time and date for her removal hearing." However, this argument is foreclosed by our decision in *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), in which we held that "'a notice to appear that does not specify the time and place of an alien's initial removal hearing vests an [IJ] with jurisdiction over the removal proceedings . . . so long as a notice of hearing specifying this information is later sent to the alien.'" *Id*. at 1161 (citation omitted). In this case, Jaramillo was served with her assertedly incomplete notice to appear on August 5, 2014 and was thereafter served on October 29, 2014 with a notice of hearing, stating the date and time of her hearing. Thus, under *Karingithi*, jurisdiction properly vested in the immigration court.

The petition for review is DENIED.